3 U.S. 409
 3 Dall. 409
 1 L.Ed. 658
 Dewhurst
v.
Coulthard
 February Term, 1799.
 
 1
 On the opening of the Court a commission, dated the 20th of December 1798, was read, appointing Bushrod Washington, one of the associate Judges of the Supreme Court of the United States, and he was qualified according to law.*
 
 
 2
 The following statement of a case was presented by E. Tilghman to the Court, at the instance of the attornies for both the parties, in the suit in the Circuit Court of the New-York District, with a request, that it might be considered and decided.
 
 
 3
 'This was an action commenced by Isaac Coulthard, against John Dewhurst in the Supreme Court of the State of New York, and was removed by petition to the Circuit Court of the United States for the New York District, agreeably to the act of Congress in such case made and provided, by the Defendant, he being a citizen of the state of Pennsylvania.'
 
 
 4
 'The Plaintiff's action is prosecuted against the above defendant, as the indorser of a foreign bill of exchange drawn by G. B. Ewart of the city and state of New York, on Thomas Barnes of Baldork near London dated the tenth day of January one thousand seven hundred and ninety-two.'
 
 
 5
 'On the part of the Defendant, it is admitted that at the time of the making and indorsing said bill, the said John Dewhurst was a citizen of, and resident in, the city and state of New York, and that he duly received notice of the protest of the said bill, for non-acceptance and non-payment.'
 
 
 6
 'That on or about the twenty-fifth day of May one thousand seven hundred and ninety-two, the Defendant removed to the city of Philadelphia, in the state of Pennsylvania, where he has resided since that period. That shortly after his removal to Philadelphia, viz. on or about the seventh day of June, one thousand seven hundred and ninety-two, a commission of bankruptcy was awarded and issued forth against him, in pursuance of two certain acts or statutes of the said state of Pennsylvania, the one entitled 'An act for the regulation of bankruptcy;' the other entitled, 'An act to amend an act entitled, an act for the regulation of bankruptcy:' And in pursuance of which said statutes the Defendant did actually deliver, assign and transfer, to the commissioners appointed under the said commission, the whole of his effects, as well in the state of Pennsylvania as elsewhere, which consisted principally of credits due to the said Defendant, in the State of New York. It is further admitted, that the said John Dewhurst in all things complied with the said statutes of bankruptcy before referred to, and that on the eleventh of August, one thousand seven hundred and ninety-two, he obtained a certificate of bankruptcy duly executed.'
 
 
 7
 'Upon the above state of the case, it is submitted to the Supreme Court of the United States, to determine, whether the certificate issued under the laws of Pennsylvania, operates as a discharge of the said debt, notwithstanding its being contracted in another state, where there was no bankrupt laws, and while the Defendant was resident in the said state of New York. If the court should be of opinion that it does, it is agreed that judgment be entered for the Defendant; otherwise for the Plaintiff, for eleven hundred and twenty dollars damages, and six cents costs.'
 
 
 8
 The court, on the ensuing morning, returned the state of the case, declaring, that they could not take cognizance of any suit or controversy, which was not brought before them, by the regular process of the law.
 
 
 9
 Motion refused.
 
 
 10
 Ex parte Hallowell.
 
 
 11
 Mr. Hallowell had been admitted, originally, as an Attorney of this court; but now Lewis moved, that his name should be taken from the roll of attornies, and placed on the list of counsellors.
 
 
 12
 The court directed the transfer to be made; and Mr. Hallowell was qualified, de novo, as counsellor.
 
 
 13
 name should be taken from the roll of attornies, and placed on the list of counsellors.
 
 
 14
 The court directed the transfer to be made; and Mr. Hallowell was qualified, de novo, as counsellor.
 
 
 
 *
 The apointment of Mr. Washington was in the room of Mr. Justice Wilson deceased. Mr. Justice Chase, was prevented by indisposition from attending the Court during the whole of the present term.